FILED
SUPERIOR COURT
OF GUAM

2020 AUG 19 PM 4: 05

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0009-20 |
| vs. | DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER TO FAMILY COURT |
| MAURUS DOONE, DOB: 12/04/2003, | |
| DEFENDANT. | |

## Introduction

This matter came before the Honorable Maria T. Cenzon upon Maurus Doone's ("Defendant") Motion to Transfer to Family Court ("Motion") filed on February 20, 2020. Defendant is represented by Public Defender Peter Sablan. The People of Guam filed no opposition to the Motion, however, the Court must nevertheless consider the merits of the Motion.[1] On June 30, 2020, the Court took the matter under advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam.[2] After reviewing the Motion and the applicable law, the Court hereby issues this Decision and Order **GRANTING** Defendant's Motion.

## Background

The People filed an Indictment on January 27, 2020, charging Defendant with BURGLARY (As a 2nd Degree Felony) in violation of 9 Guam Code Annotated ("GCA") §§

---

[1] See *Petition of Quitigua v. Flores*, 2004 Guam 19 ¶ 27.

[2] The Court scheduled the Motion to be heard on March 18, 2020. However, pursuant to ADM20-210, ". . . Superior Court matters scheduled to be heard between March 16, 2020, and March 30, 2020, are postponed pending further order of this court. These include, but are not limited to, criminal and civil trials, arraignments, appellate arguments, motion hearings, probate proceedings, and child support hearings." Adm. Ord. 20-210 (Mar. 16, 2020).

37.20(a) and 4.60; THEFT (As a 3rd Degree Felony) in violation of 9 GCA §§ 43.20(b), 43.30(a) and 4.60; and CRIMINAL MISCHIEF (As a Misdemeanor) in violation of 9 GCA §§ 34.50(c), 34.60(c), and 4.60. The Indictment alleges that on January 5, 2020, Defendant along with a co-actor, committed the offense of BURGLARY by entering and surreptitiously remaining in the alleged victim's home with intent to commit the crime of theft therein. The Indictment also alleges that upon entering the alleged victim's home, Defendant committed the offense of THEFT by unlawfully taking, obtaining, and exercising control over movable property of the alleged victim, valued between $500.00 and $1,500.00. Finally, the Indictment alleges that Defendant committed the offense of CRIMINAL MISCHIEF by intentionally damaging the property of the alleged victim.

## Law

Title 19 of the GCA § 5106(d) provides the relevant law for transferring the complaint or indictment to the jurisdiction of the Family Court upon "a finding based on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." The Court is instructed to consider the following factors:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;
    (D) whether there is evidence the offense caused seriously bodily harm; and
    (E) whether there is evidence the minor possessed a deadly weapon;
(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile

system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

In considering these factors, the court shall give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed in this Subsection.

19 GCA § 5106(d).

## Discussion

An analysis of the factors described in 19 GCA § 5106(d) is discussed below.

1. Age of Defendant

Defendant was sixteen (16) years old at the time the alleged crime was committed and is thus eligible, under 19 GCA § 5106, to have his case transferred to Family Court.

2. History of Defendant

Defendant has one prior juvenile case that was dismissed and expunged.[3] Defendant does not have any history of previous abuse or neglect or any mental health, physical, or educational issues.

3. Circumstances of the offense

The incident alleged involves BURGLARY, THEFT, and CRIMINAL MISCHIEF. There were no allegations that anyone suffered serious bodily harm as a result of the incident, that any weapons were used, or that Defendant was violent. Furthermore, the People's Declaration indicates that much of the alleged victim's property was recovered.

---

[3] The Court takes judicial notice of Defendant's prior juvenile delinquency matter; however, in order to comply with the provisions of the Family Court Act, does not identify the matter here. *See*, Title 19, Guam Code Annotated, Chapter 5.

4. <u>Advantages of treatment within the juvenile system</u>

If the Court transfers this case to Family Court, the Family Court has the ability to provide the supervision and treatment available under the juvenile justice system. Family Court will be able to provide Defendant with services such as counseling through the Guam Behavioral Health and Wellness Center and the Client Services and Family Counseling. These service providers also possess sufficient means to monitor Defendant's progress and promote successful rehabilitation.

5. <u>Security of the public</u>

"In most serious category of cases, the public sense of security and justice require an assurance that a dangerous offender, or one who has committed a serious crime cannot within a short time be released." *See* Comment on 9 GCA § 80.30. Defendant has no criminal record. Defendant neither possessed any weapon during the incident nor does he have any history of violence towards other individuals nor does not appear to be a flight risk. The Court also recognizes Defendant has been on pre-trial release since January 8, 2020, and no violations have been filed by the Adult Probation Services.

6. <u>Minor's history of services</u>

Minor received services from the juvenile justice system for his sole juvenile delinquency matter. Having benefited and completed those services, Minor's case was dismissed and expunged. Minor's history of benefiting and completing services offered under the juvenile justice system in addition to his filing of this Motion suggests his willingness to participate meaningfully in available services.

7. <u>Minor's rehabilitation before expiration of juvenile court's jurisdiction</u>

19 GCA § 5105 allows continuing jurisdiction of the Family Court until the age of eighteen (18) or twenty-one (21), depending on the circumstances. If so, the Family Court will

only have jurisdiction of Defendant until December 4, 2021 or 2024.

8. Adequacy of punishment or services

The most serious offense charged in this case is a felony in the second degree. If convicted, Defendant would be sentenced pursuant to 9 GCA § 80.30 and faces a sentence of not less than three (3) years and not more than (10) years of imprisonment.

Upon the application of the above factors to the circumstances of the instant case, the Court finds that transferring this matter to the Family Court is in the best interest of Defendant. As directed by the statue, the Court gives greater weight to the seriousness of the offense and the details of Defendant's prior delinquency record.

The Court is aware that Defendant does have one prior juvenile case. However, the manner and actions that Defendant exhibited to dispose of that case suggests that he will benefit from the services offered under the juvenile justice system for the instant matter. As such, the Court holds that Defendant is not past the point of benefiting from services provided by the Family Court and determines a transfer to Family Court is appropriate.

## Conclusion

Based upon the court's finding of clear and convincing evidence that transferring this case to Family court would be in the Defendant's best interest, the Court hereby **GRANTS** Defendant's Motion. The People shall dismiss this criminal case, and file a juvenile delinquency case within thirty (30) days of the issuance of this Order unless otherwise extended by this Court or by intervening Administrative Order of the Courts.

**SO ORDERED** this _____AUG 1 8 2020_____.

_____

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM